UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO 1:21-cv-24154-DLG

JOSE HERNADEZ,

    Plaintiff,

vs.

METROPLEX SYSTEMS, LLC., a Florida limited liabilty company, ANGELO DOMINGUEZ, JR. individually,

    Defendants.
_____/

## **FIRST AMENDED COMPLAINT**

COME NOW Plaintiffs, JOSE HERNANDEZ, by and through his undersigned attorney, hereby sue Defendants, METORPLEX SYSTEMS, LLC, ANGELO DOMINGUEZ JR., individually (hereinafter collectively referred to as "the Employer," except when referred to individually), and allege:

### **JURISDICTIONAL ALLEGATIONS AND VENUE**

1.    Plaintiff seeks to recover money damages for unpaid minimum wages. This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (§ 216 for jurisdictional placement) (the "FLSA") and for breach of employment contract. Plaintiff also seeks to recover damages for unlawful retaliatory termination of his employment in violation of 29 U.S.C. § 215(a)(3).

2.    Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. The corporate Defendant, METORPLEX SYSTEMS, LLCL, is a Florida limited liability company, which at all times material hereto, was doing business in Miami-Dade County, Florida, where Plaintiff was employed and at all times material hereto was and is engaged in interstate commerce.

4. The individual Defendant, ANGELO DOMINGUEZ JR., resides in Miami-Dade County, Florida.

5. This action is brought by Plaintiff to recover from the Employer claims for unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 206 and for breach of employment contract. Plaintiff also brings this action to recover damages for unlawful retaliatory termination of his employment in violation of 29 U.S.C. § 215(a)(3).

6. FLSA coverage is triggered because the corporate Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Employer operates as an organization which sells and/or markets its services and/or goods and/or materials to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other States, and the Employer obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over State lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer was at all times material hereto in excess of $500,000.00 per annum, and two or more employees handled goods or materials that moved in the stream of commerce on a frequent and

recurrent basis, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the FLSA's requirements. In particular, Plaintiff was employed as a truck driver who engaged in interstate commerce because his job duties required him transport goods and materials across state lines and throughout different states. Maria v. Ryan P. Relocator Co., 512 F. Supp. 2d 1249, 1257 (S.D. Fla. 2007).

7. Notwithstanding, the retaliatory provisions of the FLSA are triggered regardless of whether the corporate entity or the individual Defendants are engaged in commerce. Section 29 U.S.C. § 215(a)(3) protects "any person" who makes a formal or informal protected expression under the FLSA.

8. By reason of the foregoing, the Employer is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. §§ 203(r) and 203(s) and/or Plaintiff is within interstate commerce.

**Constructive Service of Process**

9. F.S. § 44.118(1) allows substitute service or process for Florida residents who conduct business in Florida and conceal their whereabouts. Plaintiff attempted to serve METROPLEX SYSTEMS, LLC, at the registered agent address listed with the Florida Secretary of State, Division of Corporations12250 SW 4th Terrace, Miami, FL 33184. No registered agent was at the address between the hours of 10:00 through 12:00 p.m.

10. ANGELO DOMINGUEZ JR is the individual Defendant and the owner of the Defendant company. DOMINGUEZ JR. is concealing his whereabouts so that he and the company may not found and served with service or process.

11. ANGELO DOMINGUEZ JR. operated and conducted a business, particularly in connection with Defendant METROPLEX SYSTEMS LLC, a Florida corporation, which was doing business in Florida during the relevant times alleged in the Complaint.

12. The records from the Florida Secretary of State show that ANGELO DOMINGUEZ JR is a member of METROPLEX SYSTEMS, LLC. His name appears in multiple documents filed with the Florida Secretary of State for METROPLEX SYSTEMS, LLC.

13. METROPLEX SYSTEMS, LLC., is the entity who employed Plaintiff and failed to pay him a minimum wage.

14. Defendants cannot be found and are concealing their whereabouts. Under those circumstances, Defendant appoint the Florida Secretary of State to accept service on their behalf.

## PLAINTIFFS' EMPLOYMENT

### The FLSA Minimum Wage Claim as well as Failure to Make Prompt Payment and Failure to pay any Wages at all

15. Defendants employed Plaintiff as a truck driver to transport goods and materials across state lines, and back to Florida. Plaintiff worked from approximately July 26, 2021, until October 4, 2021, for Defendants. Defendant is a transportation company. Plaintiff was a truck driver, and he was paid a weekly salary of $1,800.00 to transport goods and materials. Plaintiff regularly worked 11 hours per day, 5 days a week, or 80 hours per week. Defendants failed to promptly pay Plaintiff's wage.

16. Plaintiff was engaged in long-haul trip outside his home during his employment from approximately July 26, 2021, until October 4, 2021. Established precedent requires that on such trips Plaintiff be compensated a minimum of 16 hours a day. *Julian v. Swift Transp. Co. Inc.*, 360 F. Supp. 3d 932, 946 (D. Ariz. 2018).

17. Plaintiff's wages were paid on a weekly basis through direct deposit, due on

Thursday. The FLSA requires that wages be paid on the day that they are due. The failure to pay the required minimum wage of $8.65 per hour, from January 1 through September 29, 2021, and $10.00 per hour commencing on September 3, 2021, when due is a minimum wage violation because the employee is effectively paid $0.00 per hour for the week in question. The FLSA has a prompt payment requirement and the failure to pay on the due date constitutes a minimum wage violation triggering entitlement to liquidated damages under the FLSA.

18. Defendants' workweek ran from Wednesday to Thursday. Defendants failed to promptly pay Plaintiff's wage during his employment, multiple times, and failed to pay any wage at all during the last week of Plaintiff's employment, for the period of September 29, though October 7, 2021.

## COUNT I
## CLAIM FOR MINIMUM WAGE VIOLATION
## AND PROMPT PAYMENTAGAINST
## METROPLEX SYSTEMS LLC.

19. Plaintiff re-alleges and re-aver paragraphs 1 through 12 as fully set forth herein.

20. The FLSA requires that the Employer pay Plaintiff a required minimum wage per hour. The failure to *"promptly pay"* wages on the day that they were due constitutes a minimum wage violation under the FLSA triggering entitlement to liquidated or double minimum wage damages. *Olson v. Superior Pontiac-GMC, Inc.*, 765 F.2d 1570, 1579 (11th Cir. 1985), modified 776 F.2d 265 (11th Cir. 1985); see also *Biggs v. Wilson*, 1 F.3d 1537, 1530-40 (9th Cir. 1993). Defendant failed to pay a minimum wage and failed to timely pay Plaintiff's wages on the due date and Plaintiff id entitled to recover the required minimum wage in addition to liquidated damages of $8.65, and $10.00, per hour for every hour worked.

21. Defendants knew of and showed reckless disregard by failing to promptly pay Plaintiff's wage. Defendant had knowledge of the requirement that employees be paid a timely

wage. Ignorance of the law is not an excuse. Defendant failed to keep adequate time records for hours that Plaintiff worked. Defendant knew or should have known of the work performed by the Plaintiff and of their obligation to timely pay Plaintiff's wage yet failed to do so. Defendants also misclassified Plaintiff as a 1099 employee to avoid payroll tax obligations. Defendant failed to promptly pay wages when they became due. Defendants knew of the failure to *promptly* pay or pay Plaintiff within a reasonable time after the wages were due to Plaintiffs. Plaintiff is entitled to recover liquidated damages.

22. The Employer remains owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendant as set forth above, and Plaintiff is entitled to an equal amount as liquidated damages.

23. Plaintiff retained the law offices of the undersigned attorney to represent them in this action and are entitled to recover a reasonable attorney's fee.

WHEREFORE, Plaintiff requests compensatory and liquidated damages and reasonable attorney's fees and costs from the corporate Defendant, jointly and severally with the individual Defendant, ANGELO DOMINGUEZ JR., pursuant to the FLSA, to be proven at the time of trial, the minimum wage, and liquidated damages due to Plaintiff remains outstanding. If Plaintiff does not recover double damages, then Plaintiff seeks an award of prejudgment interest for the unpaid minimum wages, liquidated damages, and attorney's fees, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT II
## INDIVIDUAL LIABILITY
## ANGELO DOMINGUEZ JR.

24. Plaintiff re-alleges and re-aver paragraphs 1 through 17 as fully set forth herein.

25. The individual Defendant, ANGELO DOMINGUEZ JR., is an FLSA employer, as defined in 29 U.S.C. § 203(d), as he had operational control over the Defendant corporation and additionally was directly involved in decisions affecting employee supervision, compensation and hours worked by employees, such as Plaintiff. ANGELO DOMINGUEZ JR., also has "some direct responsibility for the supervision of the employees." Moreover, the individual Defendant controlled the purse strings for the Defendant corporation as he had and exercised control over bank accounts and employee compensation.

26. As an FLSA employer, ANGELO DOMINGUEZ JR., is liable to Plaintiff, together with the corporate Defendant.

27. Defendants knew of and showed reckless disregard by failing to promptly pay Plaintiff his wages. Defendants had knowledge of the requirement of the law. Defendant knew or should have known of the work performed by the Plaintiff and of the obligation to timely pay Plaintiff's wages. Defendant also misclassified Plaintiff as 1099 employees to avoid payroll obligations. Defendants failed to promptly pay wages when they became due. Defendants knew of the failure to *promptly* pay or pay Plaintiff within a reasonable time after the wages were due to Plaintiff. Defendants failed to keep accurate time records of the hours worked by Plaintiff.

22. The Employer remains owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendant as set forth above, and Plaintiff is entitled to an equal amount as liquidated damages.

23. Plaintiff retained the law offices of the undersigned attorney to represent him in this action and are entitled to recover a reasonable attorney's fee.

WHEREFORE, Plaintiff requests compensatory and liquidated damages and reasonable attorney's fees and costs from Defendant, ANGELO DOMINGUEZ JR., jointly and severally with

the corporate Defendant, pursuant to the FLSA, to be proven at the time of trial, the minimum wage, and liquidated damages due to Plaintiff remains outstanding. If Plaintiff does not recover double damages, then Plaintiff seeks an award of prejudgment interest for the unpaid minimum wages, liquidated damages, and attorney's fees, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT IV
## RETALIATION, 29 U.S.C. § 215(a)(3), THE CORPORATE DEFENDANT AS WELL AS AGAINST THE INDIVIDUAL

29. Plaintiff re-alleges and re-aver paragraphs 1-23 as fully set forth herein.

30. Plaintiff worked for Defendants as a long-haul truck driver. Plaintiff worked outside his home on a long-haul trip from July 26, 2021, until October 4, 2021. Defendants failed to promptly pay Plaintiff's wage when due. Plaintiff made a protected expression when he demanded timely payment, and when Defendants failed to pay Plaintiff's wage during the last week of his employment. Plaintiff demanded his wage and complained about Defendants illegal refusal to pay his wage. Consequently, Defendants unlawfully retaliated by terminating Plaintiffs' employment.

31. Florida Minimum Wage requires an Employer to pay its Employees a rate not less than $8.46 per hour from January 1, 2019, and $10.00, commencing on September 30, 2021.

32. Plaintiff's employment was unlawfully terminated on or about October 4, 2021, because he engaged in an activity protected by the FLSA.

33. Defendants unlawfully terminated Plaintiff's employment. Plaintiff suffered an adverse employment action because he complained about late payments and because he complained demanding the pay required by law. Plaintiff's employment termination was in retaliation for making a protected expression (i.e., demanding the wages demanded by law and

Plaintiff had reasonably good faith belief that they were making a demand for the pay required by law).

34. As a result of the unlawful termination, Plaintiff is entitled to recover, back pay, lost wages, front pay, emotional damages as well as all other damages allowed by law.

35. Defendants violated 29 U.S.C. § 215(a)(3) of the FLSA; and showed reckless disregard for the provisions of the FLSA in retaliating against Plaintiff or demanding unpaid minimum wage damages. The violation was willful or in reckless disregard of the FLSA which prohibits retaliatory action when an employee makes a protected expression.

36. By reason of the foregoing acts of the Employer, Plaintiff suffered damages, including lost income, benefits and employer contributions. Plaintiff is entitled to recover liquidated damages (double damages) pursuant to the Statute.

37. The violations were intentional and with reckless disregard for the law because Defendants knew or should have known that Plaintiff is entitled to be paid the required minimum wage and terminated Plaintiff's employment in retaliation for their valid claim.

38. Plaintiff is entitled to recover costs and reasonable attorney's fees pursuant to the FLSA, 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against the corporate Defendant as well as the individual Defendant, jointly and severally, for violation of 29 U.S.C. § 215(a)(3), including all damages allowed by the FLSA for retaliatory acts by the employer, including, back pay, liquidated damages, emotional damages, reasonable attorney's fees and costs of suit, and for all proper relief including pre-judgment interest.

### COUNT V
### BREACH OF EMPLOYMENT, CORPORATE DEFENDANT
### FAILURE TO PAY THE WAGE DUE TO PLAINTIFF

39. Plaintiff re-alleges and re-aver paragraphs 1-38 as fully set forth herein.

40. Defendant is a transportation company. Defendant employed Plaintiff as a loan haul truck driver. Plaintiff worked from approximately July 26, 2021, until October 4, 2021.

41. The parties reached a mutual consent as to the terms of the oral employment agreement. Defendant agreed to pay Plaintiff a weekly wage of $1,800.00.

42. Defendant failed to pay Plaintiff his weekly wage for the last week of his employment, from September 29, through October 7, 2021.

43. Plaintiff have complied with all conditions precedent to filing this action.

44. Plaintiff have retained the Law Offices of Eddy Marban and are obligated to pay a reasonable attorney's fee. Plaintiff is entitled to recover reasonable attorney's fees pursuant to Florida Statute § 448.08.

WHEREFORE, Plaintiff respectfully requests that the court enter judgment against the Corporate Defendant awarding them damages for breach of the employment contract, together with prejudgment interests, attorney's fees and costs of this action, and any and all other relief which the Court deems just and equitable.

THE LAW OFFICES OF
EDDY O. MARBAN
2655 S. LeJeune Road, Suite 804
Coral Gables, Florida 33134
Telephone (305) 448-9292
Facsimile (786) 309-9978
E-mail: em@eddymarbanlaw.com

By: *s/Edilberto O. Marban*
    EDDY O. MARBAN, ESQ.
    Fl. Bar No. 435960

This First Amended Complaint is dated February 18, 2022 and filed the same day.